UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JEROME TRENT, APRIL DAVIS, and
JONATHAN TRENT, An Infant appearing by
JEROME TRENT  and APRIL DAVIS,  His
 Parents and Legal Guardians,

                                    CV-

                        Plaintiffs,

             -against-

TOWN OF RIVERHEAD, RIVERHEAD
POLICE DEPARTMENT; PHIL CARDINALE,
In his Capacity as Supervisor of the Town of
Riverhead and Individually; DAVID
HEGEMILLER, In His Capacity as Chief of
Police, Town of Riverhead and Individually;
RIVERHEAD POLICE OFFICER MICHAEL
MAWDY, #168, In His Capacity as a Police
Officer, Town of Riverhead, and Individually;
LIEUTENANT RICHARD BODEN,
In His Capacity as a Lieutenant. in the Riverhead
Town Police and Individually; and JOHN and
JANE DOES 1 through 3 (representing other
Police officers who committed illegal acts
Against plaintiffs),

                        Defendants.

--------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUL 19 2007  ★

LONG ISLAND OFFICE

**VERIFIED COMPLAINT
AND JURY DEMAND**

(5I)

CV-07 2938

WEXLER, J.

WALL, M.J.

# I
## JURISDICTION

1. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1243(3)

and (4), this being an action seeking redress for the violation of Plaintiffs' constitutional

and civil rights.  The amount of damages in controversy is in excess of fifty thousand

dollars ($50,000.00), exclusive of interest and costs.  Plaintiffs further invoke this court's

pendent jurisdiction pursuant to 28 U.S.C. Section 1367(a) over any and all state law

claims and as against all parties that are so related to the claims in this action

within the original jurisdiction of this Court that may form part of the same case or

controversy.

     2.  Plaintiffs properly served Defendants with a Notice of Claim prior to filing this

complaint.  The Defendants, through their attorneys deposed Plaintiffs pursuant to New

York General Municipal Law Section 50-H, but or refused to make an adjustment or

payment of Plaintiffs' claims.

     3.  The Plaintiffs demand a trial by jury on each and every one of their claims as

pleaded herein.


## II

## VENUE


     4.  Venue is proper in the United States District Court for the Eastern District of

New York pursuant to 28 U.S.C. Sections 1391(a)(b)and (c)

### III

### <u>PARTIES</u>

5.  Plaintiff, Jonathan Trent, is an African American infant male, date of birth March 31, 1990; is a citizen and resident of the United States, and was at all times relevant herein, a resident of the Town of Riverhead, Suffolk County, New York. Plaintiff Jonathan Trent is disabled and has suffered with cerebral palsy since birth.

6.  Plaintiff, Jerome Trent, is an African American adult male and the father and legal guardian of plaintiff Jonathan Trent and is a citizen and resident of the United States, and was at all times relevant herein, a resident of the Town of Riverhead, Suffolk County, New York.

7.  Plaintiff April Davis, is an African American adult female and the mother and legal guardian of plaintiff Jonathan Trent and is a citizen and resident of the United States, and was at all times relevant herein a resident of the Town of Riverhead, Suffolk County, New York.

8.  Defendant Town of Riverhead is a municipal entity created and authorized under the laws of the State of New York.

9.  The Town of Riverhead is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately

3

responsible.

10. The Defendant, Town of Riverhead, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the Riverhead Police Department.

11. The Defendant Riverhead Police Department is a municipal entity created and authorized under the laws of the State of New York.

12. The Defendant Riverhead Police Department is authorized by law to carry out all police functions for the Defendant Town of Riverhead and assumes the risks incidental to the maintenance of its police force and the employment of police officers.

13. The Defendant Phil Cardinale, at all times relevant, was the Town Supervisor for the Town of Riverhead and the chief policy making official for the Town of Riverhead and its departments, including the Riverhead Police Department. He is sued in his official and individual capacities.

14. The Defendant David Hegimiller, Chief of Police, at all times relevant herein was the Chief of Police for the Town of Riverhead Police Department and was responsible for the policies, practices and customs of the Riverhead Police Department, as well as responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command and is sued individually and in his official capacity.

15. The Defendant Michael Mawdy is a Police Officer in the Town of Riverhead and is and was at all times an officer, employee and agent of the Town of Riverhead Police Department, a municipal agency of the Town of Riverhead. Defendant Riverhead

4

Police Officer Michael Mowdy is sued individually and in his official capacity.

16. The Defendant Lieutenant Richard Boden is and was at all times relevant herein a lieutenant in the Town of Riverhead Police Department, a municipal agency of the Town of Riverhead. Defendant Lieutenant Richard Boden is sued in his individual and official capacity.

17. Collectively, the Town of Riverhead, Riverhead Police Department, Supervisor of the Town of Riverhead, Phil Cardinale, Chief of the Riverhead Police Department David Hegimiller, Riverhead Town Police Officer Michael Mawdy, and Lieutenant Richard Boden will be referred to as "Defendants."

# IV.

## FACTUAL ALLEGATIONS

18. On July 21, 2006, infant plaintiff, Jonathan Trent, age 16, was riding his bicycle in a northerly direction on Northville Turnpike, Riverhead, New York, north of the intersection of Northville Turnpike and Middle Road, Riverhead, New York.

19. At said time, plaintiff Jonathan Trent was stopped by a Town of Riverhead Police Vehicle, operated by defendant Mawdy, which pulled in front of infant plaintiff, blocking him from proceeding and causing him to stop abruptly.

20. Upon information and belief, a second Town of Riverhead Police vehicle arrived at the location where infant plaintiff had been stopped and detained. The identity

of said second Riverhead Police Office is unknown.

21.   Upon stopping infant plaintiff and blocking him from leaving the said location, defendant Mawdy exited his police vehicle, drew his gun on infant plaintiff and told infant plaintiff to get off of his bicycle.

22.   As infant plaintiff complied with defendant Mawdy's order , Officer Mawdy approached infant plaintiff and kicked him, causing him to fall to the ground.  At said point Officer Mawdy , with another  Town of Riverhead police officer present, told infant plaintiff to place his hands behind his back while he was in a kneeling position and they placed metal handcuffs on infant plaintiff.

23.   Infant plaintiff, because of his disabling condition caused by cerebral palsy had difficulty breathing and began noticeably shaking.  Infant plaintiff attempted to inquire of defendant Mawdy as to what he had done to warrant this treatment, but had difficulty expressing himself because of the shaking, nervousness and stuttering associated with the cerebral palsy which were further aggravated by him being in the kneeling position and handcuffed behind his back.

24.   In response to infant plaintiff's inquiry, one of the other unknown Riverhead Police Officers began to mock and ridicule infant plaintiff by mimicking infant plaintiff's stammering and stuttering.

25.   While on his knees, infant plaintiff did complain to defendant Mawdy and the other Riverhead Police Officer, whose identity is unknown at this time, about the handcuffs being too tight and about being uncomfortable in the kneeling position because of his disability.  All such complaints went unheeded. Infant plaintiff had scaring and

6

swelling of his left wrist and was also experiencing severe pain in the left wrist.

26. At some point while infant plaintiff was still on the ground and surrounded by defendant Mawdy and the unidentified Riverhead Police Officer, a Riverhead Detective arrived and stayed for a few minutes before leaving and then returning with a witness for a show-up for the purpose of identifying infant plaintiff as the individual who had attempted to rob the Federal Teacher's Credit Union on Rt. 58 in Riverhead, New York earlier that day.

27. The witness from the Federal Teacher's Credit Union stated that infant plaintiff was not the person who had attempted the robbery, at which point defendant Mawdy and the second officer got infant plaintiff up from off the ground.

28. Defendant officers kept infant plaintiff in handcuffs, standing him up against a Riverhead Police vehicle to search his pockets. Infant plaintiff had his school identification and cell phone in his pockets.

29. One of the defendant officers asked infant plaintiff if he was part of a gang, to which he replied "no".

30. After searching infant plaintiff, defendant officer Mawdy and the other unidentified defendant officer removed the metal handcuffs from infant plaintiff's hands, told him to put his belongings back in his pockets and told him that he was free to go.

31. Infant plaintiff was experiencing severe pain and throbbing in his left wrist and hand.

32. Infant plaintiff got back on his bicycle and proceeded to head in a northerly direction on Northville Turnpike, Riverhead, New York, towards his home on Doctor's

7

Path, Riverhead, New York.

33.  As infant plaintiff was turning the corner from the intersection of Northville Turnpike, Riverhead, New York and Doctor's Path, Riverhead, New York, he was stopped a second time by the same police officers in two police vehicles, one stopped in front of him and the other was on the side of infant plaintiff.

34.  Infant plaintiff's movement was blocked and he got off his bike and was motioned to come to defendant Mawdy in his vehicle, which he did.  At that time, infant plaintiff was asked to provide his address, phone number and the names of his mother and father, which he did.

35.  Once infant plaintiff gave defendant Mawdy the requested information, he was told that he was free to go

36.  The pain and discomfort that infant plaintiff was experiencing as a result of the metal handcuffs being placed so tightly upon his wrist, continued to worsen and as a result at approximately 6:30 p.m. on July 21, 2006,  plaintiff April Davis presented infant plaintiff to the emergency room at the Peconic Bay Medical Center, Riverhead, New York  with his chief complaints being swelling and pain to the left wrist.

37.  In a statement taken by the emergency room staff, infant plaintiff complained that he was falsely detained by police and that they pointed a gun at him and threw him to the ground and put handcuffs on him and that now he had wrist pain.

38.  Infant plaintiff was diagnosed as having a contusion to his left wrist and a

sprain and upon discharge he was referred to an orthopedic doctor for follow-up care.

39.  On the same day of the incident, after learning that her son, Jonathan Trent, had been detained by Riverhead police officers, plaintiff April Davis went to the Riverhead Police Department to ascertain what had transpired with her infant son, plaintiff Jonathan Trent.  The desk officer refused to give her any information and defendant Mowdy became verbally abusive to April Davis, yelling at her that he had not pulled a gun on her son.  When it was apparent that the officers were not going to provide Ms. Davis with any information about what had transpired with her son, April Davis left the Riverhead Police station, emotionally distraught and upset at the officers' refusal to give her any information about her infant son, Jonathan Trent. .

40.  Later that day, defendant Jerome Trent went to Riverhead Police headquarters inquiring about what had transpired with his son, Jonathan Trent and again there was no information forthcoming from the officers. Jerome Trent left the Riverhead Police Station emotionally distraught and upset because of the officers' refusal to provide any information as to what had transpired with his infant son, Jonathan Trent.

41.  Upon leaving the emergency room at the Peconic Bay Medical Center, all three plaintiffs returned to the Riverhead Police Headquarters to file a complaint about racial discrimination/profiling and excessive force and false arrest and detainment by Officer Mawdy and the other Riverhead police officers, whose identities are unknown at this time,  and to request an investigation of how infant plaintiff had been treated by the defendant officers earlier that day.

42.  Defendant Lt. Richard Boden spoke with plaintiffs, took a statement from

9

infant plaintiff, which his mother signed on his behalf because of him being unable to write as a result of the injury to his wrist. Plaintiffs' request for a copy of the statement was denied, but they were told by defendant Lt. Boden that he would investigate the matter and get back to them within two to three weeks.

43. By letter dated August 21, 2006, plaintiffs Jerome Trent and April Davis contacted defendant Lt. Boden, to complain that he had not gotten back to them after they had filed the complaint on July 21, 2006, that there had been no word whatsoever about any investigation or action taken concerning the treatment of infant plaintiff by the defendant police officers. Jerome Trent and April Davis also complained about being treated in a discriminatory fashion because of their race and that nothing was being done to address the violation of infant plaintiff's constitutional rights.

44. To this date, there has been no response from the Riverhead Police Department, or any officer or agent on its behalf, in response to plaintiffs' complaint and request for an investigation.

45. On July 24, 2006 plaintiff April Davis presented her son, Jonathan Davis to Dr. Sultan, an orthopedist, per the follow-up instructions from the emergency room at Peconic Bay Medical Center.

46. Infant plaintiff continued to be treated for the sprain to the left wrist as a result of handcuffs being placed on him too tightly during his arrest and detainment on July 21, 2006.

47. Infant plaintiff was seen by Dr. Sultan again on August 10, 2006 for a follow-up evaluation. Infant plaintiff complained of numbness at the ulnar aspect of the small

10

finger. Dr. Sultan advised infant plaintiff to continue with his exercises and he spoke

with plaintiff April Davis to advise her that the neuropraxia was a result of the nerve

being stretched due to the position that infant plaintiff's wrist had been placed in. Dr.

Sultan directed infant plaintiff to continue with the ball exercise and to come back in six

weeks.

48. Following the August 10, 2006 visit to Dr. Sultan, infant plaintiff continued

to feel numbness in his finger and he was having spasms in his leftl hand. He was still

limited in his use of the left hand.

49. Infant plaintiff was seen a third time by Dr. Sultan on September 21, 2006 for

a follow-up evaluation from the injuries sustained to his left wrist on July 21, 2006.

Infant plaintiff complained about having some spasms in the left hand and he was

referred to a neurologist for evaluation.

50. On October 19, 2006 plaintiff April Davis presented her son, Jonathan Trent,

for a neurological evaluation by Dr. Henry Moreata of South Shore Neurologic

Associates. During the examination it was noted that infant plaintiff did have mild,

diffuse, left wrist, proximal hand tenderness and that he still experienced left hand wrist

pain. It was recommended that infant plaintiff have neurological and orthopedic follow-

up as needed.

51. To date, infant plaintiff continues to experience stiffness and numbness in his

left hand and pain in the area of his left hand and wrist.

## FIRST CAUSE OF ACTION

52. Plaintiffs reallege each and every allegation of paragraphs 1 through 51, as fully set forth herein.

53. Defendant Mawdy engaged in an act of racial profiling of infant plaintiff on account of his race, resulting in his unlawful detainment, in violation of his constitutional rights under the Fourth Amendment, pursuant to Section 1983.

54. Defendant Mawdy lacked probable cause or reasonable suspicion to stop and detain infant plaintiff as a suspect for robbing the Teacher's Federal Credit Union in that there was no similarity in appearance or description between infant plaintiff and the black adult male who was eventually arrested for the crime, other than the fact that they are both black.

55. As a result of said discriminatory treatment infant plaintiff has suffered emotional and physical injury, mental anguish, hurt, humiliation and loss of enjoyment of life.

## SECOND CAUSE OF ACTION

56. Plaintiffs reallege each and every allegation of paragraphs 1 through 55 as fully set forth herein.

57. Defendant Mawdy caused infant plaintiff to be unlawfully confined without just right, probable cause and without grounds therefore, in violation of infant plaintiff's constitutional rights under the Fourth Amendment, pursuant to Section 1983.

12

58. As a result of said constitutional violation, infant plaintiff has suffered physical and emotional injury, mental anguish, hurt, humiliation and loss of enjoyment of life.

### THIRD CAUSE OF ACTION

59. Plaintiffs reallege each and every allegation of paragraphs 1 through 58 as fully set forth herein.

60. Defendant Mawdy caused infant plaintiff to be subjected to an unreasonable search while being unlawfully detained on July 21, 2006, in violation of his Fourth Amendment constitutional rights, pursuant to Section 1983.

61. As a result of said unreasonable search of infant plaintiff, he was placed in fear of his life , security and wellbeing, causing him physical and mental pain and anguish, hurt, humiliation and loss of enjoyment of life.

### FOURTH CAUSE OF ACTION

62. Plaintiffs reallege each and every allegation of paragraphs 1 through 61 as fully set forth herein.

63. Defendant Mawdy and other unknown police officers of the Riverhead Police Department used excessive upon infant plaintiff during his unlawful confinement and detainment without just cause, by placing tight metal handcuffs upon him without just right or cause, resulting in serious injury to his left hand and wrist area,  in violation of his Fourth Amendment constitutional rights pursuant to Section 1983.

13

64. As a result of said excessive force, infant plaintiff sustained injuries to his left wrist and hand causing him to undergo medical treatment and resulting in continued restricted use of said hand and wrist.

## FIFTH CAUSE OF ACTION

65. Plaintiffs reallege each and every allegation of paragraphs 1 through 64 of said complaint as fully set forth herein.

66. Defendant Mawdy used excessive force upon infant plaintiff by drawing a gun on infant plaintiff during infant plaintiff's confinement and detainment, without cause, provocation or justification, causing infant plaintiff to be placed in fear of his life, in violation of infant plaintiff's Fourth and Eighth Amendment rights pursuant to Section 1983.

67. As a result of said excessive force used by defendant Mawdy against infant plaintiff, infant plaintiff suffered physical and emotional injury, fear for his safety and wellbeing and a loss of enjoyment of life.

## SIXTH CAUSE OF ACTION

68. Plaintiffs reallege each and every allegation of paragraphs 1 through 67 of the complaint as fully set forth herein.

69. Defendant Mawdy and the unidentified defendant police officers, acted in violation of infant plaintiff's constitutional rights, by requiring infant plaintiff to participate in a suggestive show up, all in violation of the Fourth Amendment, pursuant to

14

Section 1983.

70. As a result of said constitutional violation, infant plaintiff has suffered emotional damages, hurt, humiliation, fear for his life and safety and loss of enjoyment of life.

## SEVENTH CAUSE OF ACTION

71. Infant plaintiff realleges the allegations of paragraphs 1 through 70, as fully set forth herein.

72. Defendant Officer Mawdy committed an assault and battery upon infant plaintiff by intentionally menacing and otherwise touching him without justification, excuse or consent, by kicking infant plaintiff while he was detained and confined, causing him to fall to the ground.

73. As a result of said assault and battery, infant plaintiff was placed in fear of harm to his body and his person and sustained physical and emotional damages, hurt, humiliation and loss of enjoyment of life.

## EIGHTH CAUSE OF ACTION

74. Plaintiffs reallege each and every allegation of paragraphs 1 through 73 of the complaint as fully set forth herein.

75. Defendant Mawdy and the other unknown officers present at the point of infant plaintiff's detention acted negligently by causing metal handcuffs to be placed too tightly upon the wrist of infant plaintiff causing him to suffer injury to his left wrist and hand

15

and to experience pain and suffering that required medical attention and treatment.

76.   Notwithstanding infant plaintiff's repeated protestations and requests that the handcuffs be loosened or removed, defendant Mawdy and the other unknown officer failed to make any adjustment to or remove the metal handcuffs.

77.   As a result of said negligence, infant plaintiff sustained physical and emotional damages, hurt, humiliation and loss of enjoyment of life.

## NINTH CAUSE OF ACTION

78.   Plaintiffs reallege each and every allegation of paragraphs 1 through 77 of the complaint as fully set forth herein.

79.   Defendants Town of Riverhead, Cardinale and Hegimiller acted negligently by hiring and retaining persons to serve as police officers who it knew or should have known had dangerous propensities and lack of professional temperament, in that the Town of Riverhead failed to exercise reasonable precautions in employing the defendant police officers by failing to properly investigate their backgrounds and by failing to properly train said police officers.

80..   As a result of the Town of Riverhead's negligence, infant plaintiff sustained physical and emotional injuries and experienced hurt, humiliation and loss of enjoyment of life.

16

## TENTH CAUSE OF ACTION

81.  Plaintiffs reallege each and every allegation of paragraphs 1 through 80 of the complaint as fully set forth herein.

82.  Defendant Mawdy and the unknown defendant police officers engaged in a pattern of harassment of infant plaintiff by mocking and mimicking him with respect to his physical disability from cerebral palsy , while infant plaintiff was being unlawfully detained and subjected to use of excessive force.

83.  Defendant Mawdy and the unknown defendant police officers engaged in a pattern of harassment of infant plaintiff, when after he was released from confinement, they stopped infant plaintiff a second time, blocking his path with the police vehicle and asking infant plaintiff to identify himself.

84.  As a result of said harassment, infant plaintiff has suffered physical and emotional damage and hurt, humiliation and loss of enjoyment of life.

## ELEVENTH CAUSE OF ACTION

85.  Plaintiffs reallege each and every allegation of paragraphs 1 through 84 of the complaint as fully set forth herein.

86.  Defendant Mawdy and unknown defendant police officers breached a duty to plaintiffs Jerome Trent and April Davis, as the parents of the infant plaintiff, in that they failed to advise infant plaintiff's parents, Jerome Trent and April Davis, as to what had

17

transpired with their infant son being detained and confined and how he had sustained a physical injury while in the custody of the defendant police officers, that required medical attention.

87.  As a result of defendant Mawdy and the other defendant police officer's failure to advise plaintiffs as to what had transpired with respect to their infant son, Jerome Trent and April Davis have suffered hurt, humiliation, emotional damages and loss of enjoyment of life.

## TWELFTH CAUSE OF ACTION

88.  Plaintiffs reallege each and every allegation of the paragraphs 1 through 87 of the complaint as fully set forth herein.

89.  Defendant Lt. Boden acted in a negligent manner by failing to investigate and respond to plaintiffS' complaints of racial discrimination and harassment and use of excessive force by the defendant police officer Mawdy and other unknown Riverhead police officers in their detainment of confinement of infant plaintiff on July 21, 2006 and the assault and battery committed on infant plaintiff by said police officers. .

90..  As a result of defendant Lt. Boden's negligent actions, plaintiffs suffered hurt, humiliation, mental anguish and loss of enjoyment of life.

## THIRTEENTH CAUSE OF ACTION

91.  Plaintiffs reallege each and every allegation of paragraphs 1 through 90 of the

18

complaint as fully set forth herein.

92. Defendant Lt. Boden and unknown defendant police officers acted in violation of plaintiffs' constitutional right to have complaints of racial discrimination investigated , in that while acting under color of state law, said defendants failed or refused to investigate plaintiffs' complaint of racial discrimination and racial harassment and excessive force, and assault by Riverhead Police Officers..

93. As a result of said discriminatory treatment, plaintiffs suffered physical and emotional damages and were subjected to and did experience emotional injury, ridicule and hurt and humiliation

### FOURTEENTH CAUSE OF ACTION

94. Plaintiffs reallege each and every allegation of paragraphs 1 through 93 of the complaint as fully set forth herein.

95. Defendant officers whose names are unknown violated infant plaintiff's constitutional rights by standing by while defendant Mawdy assaulted and used excessive force on infant plaintiff and did nothing to stop the violation of infant plaintiff's constitutional rights.

96. As a result of said constitutional violations, infant plaintiff suffered physical and emotional damage, and hurt and humiliation and a loss of enjoyment of life.

### FIFTEENTH CAUSE OF ACTION

97. Plaintiffs reallage each and every allegation of paragraphs 1 through 96 of the

19

complaint, as fully set forth herein.

98.  Defendants engaged in extreme, outrageous actions calculated to cause infant plaintiff intentional emotional distress, in that infant plaintiff was unlawfully stopped and detained, and was unlawfully assaulted and threatened with a gun by defendant police officer Mawdy and was intentionally subjected to cruel and unusual punishment causing serious injury to his left hand and wrist.

99.  Defendants engaged in extreme, outrageous actions towards Jerome Trent and April Davis, calculated to cause them intentional emotional distress in that the defendant police officers refused to provide them with any information as to what had occurred on July 21, 2006 with their son and in that defendant Boden refused to investigate their complaints of racial discrimination and inappropriate police conduct.

100.  As a result of defendants' acts and omissions, plaintiffs have suffered emotional distress, physical harm, hurt, humiliation and loss of enjoyment of life.

**WHEREFORE,**  the plaintiffs demand the following relief

a)  compensatory damages on behalf of infant plaintiff as against defendant police officer Michael Mawdy in the amount of  Five Million Dollars ($5,000,000.00);

b)  punitive damages on behalf of infant plaintiff as against defendant police officer Michael Mawdy in the amount of Three Million Dollars ($3,000,000.00);

c)  compensatory damages on behalf of infant plaintiff against the Town of Riverhead and Riverhead Police Department in the amount of Five Million Dollars

20

($5,000,000.00);

    d)  compensatory damages on behalf of infant plaintiff against defendants Hegimiller and Cardinale, jointly and severally in the amount of Three Million Dollars ($3,000,000.00);

    e)  compensatory damages  on behalf of Jerome Trent and April Davis as against defendant Lt. Boden in the amount of Six Million Dollars ($6,000,000.00);

    f)  punitive damages on behalf of Jerome Trent and April Davis as against defendant Lt. Boden in the amount of Six Million Dollars ($6,000,000.00;

    g)  compensatory damages on behalf of infant plaintiff as against defendant Lt. Boden in the amount of Five Million Dollars ($5,000,000.00);

    h)  punitive damages on behalf of infant plaintiff as against defendant Lt. Boden in the amount of Three Million Dollars ($3,000,000.00); and

    i)  such other and further relief as this court may deem appropriate and equitable.


Dated: Riverhead, New York
      July 18, 2007

HARRIET A.  GILLIAM (HAG2333)
Attorney for Plaintiffs
P.O. Box 1485
Riverhead, New York  11901
(631) 722-8074

21

54/7

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF SUFFOLK    )

JEROME TRENT, being duly sworn, deposes and says:  he is A Plaintiff in the above entitled action, that he is the parent and legal guardian of JONATHAN TRENT, infant plaintiff herein; that he is united in interest with APRIL DAVIS, plaintiff herein and parent and legal guardian of JONATHAN TRENT ; that he has read the foregoing Complaint and Jury Demand and knows the contents thereof; that the same are true to his knowledge ; except as to the matters therein stated to be alleged upon information and belief; and that as to those matters he believes them to be true.


_Jerome Trent_
JEROME TRENT


Sworn to before me this
_18th_ day of  July, 2007

_[signature]_
Notary public

HARRIET A. GILLISON
Notary Public, State of New York
No. 02-GI4970028, Suffolk County
Commission Expires July 30, 20_09_